UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:14-cr-81 |
| Plaintiff, | |
| vs. | Magistrate Judge Michael J. Newman |
| JAMES WING, | |
| Defendant. | |

**ORDER AND ENTRY DENYING
DEFENDANT'S MOTION TO DISMISS (DOC. 12)**

This misdemeanor criminal case is before the Court on Defendant James Wing's motion to dismiss. Doc. 12. The Government filed a response to Defendant's motion. Doc. 15. Defendant did not file a reply memorandum, and the time for doing so has expired. The Court has carefully considered each of these documents, and Defendant's motion to dismiss is now ripe for decision.

**I.**

The Government initially filed an information against Defendant on June 3, 2014. Doc. 2. The original information charged Defendant with twelve misdemeanor offenses[1] arising from conduct allegedly occurring on or about May 22, 2014. Doc. 2. Defendant moved to dismiss Counts Two and Seven of the original information. Doc. 12 at PageID 25-29.

---

[1] Pursuant to 18 U.S.C. § 3401(a), a United States Magistrate Judge has jurisdiction "to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district." *See also* 28 U.S.C. § 636(a)(5) (authorizing Magistrate Judges to "enter a sentence for a Class A misdemeanor in a case in which the parties have consented"); Dayton General Order No. Day 12–03: Assignment and Reference to Magistrate Judges (eff. May 15, 2012) (clarifying that "Magistrate Judges Ovington, Newman, and Merz[] are specially designated to exercise jurisdiction in misdemeanor cases in this District").

Subsequently, the Government filed a superseding information which, again, charged Defendant with twelve misdemeanor counts. Doc. 16 at PageID 38-41.

## II.

Count Two of the original information charged Defendant with assaulting "a security officer at Soin Medical Center and individuals with the initials 'C.Z.' and 'C.S.'" in violation of 18 U.S.C. § 113(a)(5). Doc. 2 at PageID 3. Defendant moved to dismiss this count of the original information arguing that the Court lacks subject matter jurisdiction over the alleged offense because Soin Medical Center is not located "within the special maritime and territorial jurisdiction of the United States" as required by 18 U.S.C. § 113(a).

The Government subsequently filed a superseding information specifying that C.Z. is an officer and employee of the United States; that Defendant allegedly assaulted C.Z. while in the performance of his official duties; and that assaults against C.Z. and C.S.[2] occurred on Wright-Patterson Air Force Base, which is within the special maritime and territorial jurisdiction of the United States. Doc. 16 at PageID 38-39. The superseding information omits allegations concerning an alleged assault on a security officer at the Soin Medical Center. Doc. 15 at PageID 35-36. Because the superseding information omits any alleged conduct occurring at the Soin Medical Center, Defendant's motion in this regard is moot and, therefore, must be denied.

## III.

Defendant also moves to dismiss Count Seven of the original information charging him under the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13, with resisting arrest in violation of Ohio Rev. Code § 2921.33(A). Doc. 2 at PageID 4. The superseding information sets forth the same substantive charge in Count Eight. Doc. 16 at PageID 40. Because the same substantive

---

[2] The superseding information identifies C.S. only as an "individual," not as an officer or employee of the United States. Doc. 16 at PageID 38-39.

2

charge exists in the superseding information, and because the superseding information does not alter the nature or scope of the alleged offense, the Court finds that the mere filing of the superseding information does not moot Defendant's motion to dismiss in this regard.  *Cf United States v. Goff*, 187 F. App'x 486, 491 (6th Cir. 2006) (concluding that a superseding indictment did not moot a pending motion to dismiss where the superseding indictment "did not materially alter the nature [and] scope" of the charged offense).

The ACA's "basic function is to 'borrow[ ] state law to fill gaps in the federal criminal law that applies on federal enclaves' in order to ensure that individuals cannot commit state-law crimes on federal territory with impunity merely because they are beyond a state's jurisdictional reach."  *United States v. Pego*, 567 F. App'x 323, 329 (6th Cir. 2014) (citing *Lewis v. United States*, 523 U.S. 155, 160 (1998)).  Where "there is no federal criminal law on point, and if a defendant's conduct would have been a state-law crime but for the fact that it was committed on federal territory, it 'becomes a federal offense for which [he is] sentenced under federal guidelines.'"  *Id*. (citation omitted).

With regard to the charged offenses at issue here, Ohio Rev. Code § 2921.33(A) provides that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."  Defendant contends that there is a sufficient existing federal statute, 18 U.S.C. § 111(a)(1) -- which makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with any [officer or employee of the United States or of any agency in any branch of the United States Government] while engaged in or on account of the performance of official duties" -- prohibiting the conduct proscribed by Ohio Rev. Code § 2921.33(A) and, therefore, he is not properly charged under state law.

The Government contends that it properly charged Defendant under federal law and, alternatively, state law because Ohio Rev. Code § 2921.33(A), contrary to 18 U.S.C. § 111(a)(1), does not require the use of force. Doc. 15 at PageID 36. The Government is correct in stating that resisting arrest under Ohio Rev. Code § 2921.33(A) does not require the use of any force. *See State v. Barker*, 714 N.E.2d 447, 452 (Ohio Ct. App. 1998) (concluding that "physical resistance is [not] required as an element to the crime of resisting a lawful arrest" under Ohio Rev. Code § 2921.33(A)); *State v. Williams*, 616 N.E.2d 540, 543 (Ohio Ct. App. 1992) (stating that mere "avoidance of apprehension" is sufficient). Use of force is, however, a required element for conviction under 18 U.S.C. § 111(a)(1). *See United States v. Gagnon*, 553 F.3d 1021, 1027 (6th Cir. 2009) (citing *United States v. Kimes*, 246 F.3d 800, 808-09 (6th Cir. 2001)).

Accordingly, Ohio Rev. Code § 2921.33(A) proscribes more conduct than 18 U.S.C. § 111(a)(1), and because the superseding information could be read to allege that Defendant avoided apprehension without the use of *any* force, Defendant's motion to dismiss Count Eight must be denied.[3]

### IV.

Based on all of the foregoing, Defendant's motion to dismiss (doc. 12) is **DENIED**.

**IT IS SO ORDERED.**

Date:  December 2, 2014                     *s/ Michael J. Newman*
                                            Michael J. Newman
                                            United States Magistrate Judge

---

[3] The Court notes, however, that one rationale set forth by the Government for charging Defendant under federal and, alternatively, state law -- *i.e.*, "[b]ecause alcohol was involved in the incident, the possibility exists the Court may question the *mens rea* of the Defendant" -- is faulty. *See* Doc. 15 at PageID 37. The Sixth Circuit's holds "that the crime established in 18 U.S.C. § 111(a) is a general intent crime as to which evidence of diminished capacity is not admissible." *Kimes*, 246 F.3d at 809.